IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CISLYN BLACKWOOD,** ) | **1:08-CV-0074  AWI GSA** |
| ) | |
| Plaintiff, ) | **ORDER CONCERNING** |
| v. ) | **PLAINTIFF'S APRIL 4, 2008** |
| ) | **NOTICE OF DISMISSAL** |
| **SUN LIFE ASSURANCE COMPANY** ) | |
| **OF CANADA, SUN LIFE FINANCIAL,** ) | |
| **COMMUNITY HOSPITALS OF** ) | |
| **CENTRAL CALIFORNIA dba** ) | |
| **COMMUNITY MEDICAL CENTERS** ) | |
| **EMPLOYEE BENEFIT PLAN and** ) | |
| **DOES 1 through 10,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

      On April 4, 2008, Plaintiffs filed a notice of dismissal of Defendant Sun Life Financial and Defendant Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan  pursuant to Rule 41(a)(1)(ii).  The notice is signed by Plaintiff's attorney but not signed by any of the Defendants.

      Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . . .

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily after service of an answer by filing a written stipulation to dismiss signed by all of the parties, although an oral

stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

In this action, Plaintiff has filed a notice of dismissal of Defendant Sun Life Financial and Defendant Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan.  However, all parties who have made an appearance in this case have not stipulated to Defendant Sun Life Financial's and Defendant Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan's dismissal.   On March 10, 2008, Defendant Sun Life Assurance Company of Canada filed an answer.    There is no indication that Defendant Sun Life Assurance Company of Canada stipulates to the dismissal of the other defendants.   Thus, Plaintiff's April 4, 2008 notice of dismissal is not sufficient to dismiss Defendant Sun Life Financial and Defendant Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan  from this action.

Therefore, Plaintiff is ORDERED to file a stipulation of dismissal of Defendant Sun Life Financial and Defendant Community Hospitals of Central California, dba Community Medical Centers Employee Benefit Plan that complies with Rule 41.  All parties are advised that Defendant Sun Life Financial and Defendant Community Hospitals of Central California, dba Community Medical Centers Employee Benefit Plan  have not been dismissed from this action.  Plaintiff's April 4, 2008 notice of dismissal SHALL be DISREGARDED.

IT IS SO ORDERED.

**Dated:      April 7, 2008**               /s/ Anthony W. Ishii
                                                           UNITED STATES DISTRICT JUDGE