IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISLYN BLACKWOOD,<br><br>    **Plaintiff**,<br><br> v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>    **Defendant.** | CV F 08-0074 AWI GSA<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AND ORDER DENYING MOTION TO AUGMENT RECORD WITHOUT PREJUDICE**<br><br>**Doc. # 29** |

   This is an action pursuant to the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  In this action, plaintiff Cislyn Blackwood ("Plaintiff") seeks to recover benefits she contends were wrongfully denied by defendant Sun Life Assurance Company of Canada ("Sun Life").  In the instant motion, Plaintiff seeks to augment the administrative record with medical records dating from the inception of her illness and with declarations of treating physicians and of personnel associated with her former employer.

**PROCEDURAL HISTORY**

   The complaint was first filed on January 14, 2008.  Defendant Sun Life filed an answer on March 10, 2008.  On April 14, 2008, Plaintiff filed a notice of dismissal with prejudice of defendants Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan, and Sun Life Financial.  On April 7, 2008, the court issued an order pointing out that Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure permits

voluntary dismissal of any defendant parties of a multi-defendant case only upon stipulation by all parties who have made an appearance in the case. The court noted that defendant Sun Life had made an appearance by filing an answer and had not stipulated to the dismissal of the other two defendants. Defendant Sun Life filed its stipulation for dismissal with prejudice of Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan, and Sun Life Financial two days later; on April 9, 2008. Pursuant to Rule 41(a)(1), the dismissal with prejudice of Sun Life Financial and Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan was effective as of the date of filing of the stipulation. See Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987) (dismissal is effective on filing and no court order is required).

On April 28, 2008, Plaintiff filed a stipulation and proposed order to permit filing of a First Amended Complaint. The stipulation was signed by attorneys for Plaintiff and for defendant Sun Life. The First Amended Complaint ("FAC") was filed on May 14, 2008. Defendant Sun Life filed its answer on May 23, 2008. The instant motion to augment the administrative record was filed by Plaintiff on July 1, 2008. Defendant Sun Life filed its opposition on August 1, 2008, and Plaintiff filed her reply on August 8, 2008.

**FACTUAL BACKGROUND**

Plaintiff was formerly employed by Community Hospitals of Central California ("Community Hospitals") as the manager of the skilled nursing department. The FAC alleges Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan (hereinafter, the "Plan") is an employee benefit plan as defined by ERISA sponsored by Community Hospitals. The FAC also alleges that Community Hospitals is the Plan administrator. Defendant Sun Life is apparently the Plan's third-party insurer and claims administrator.

Plaintiff became a participant in Community Hospitals' group disability insurance program on January 1, 1999. Plaintiff paid an extra premium so as to be entitled to enhanced disability benefits. The FAC alleges that Plaintiff was diagnosed in September 2001 as

suffering from multiple myeloma, a cancer affecting the body's antibody-producing plasma cells. Multiple myeloma results in the production of plasma cell tumors that are usually located in bone where they tend to cause bone and joint pain, and loss or abnormality of bone structure. The FAC alleges Plaintiff suffered pain in all her joints and "experienced symptoms of swelling and generalized weakness and fatigue." FAC at ¶ 11.

Multiple Myeloma is a cancer that is treatable, but not curable. Plaintiff was informed that patients with multiple myeloma survive for periods of time ranging from two to five years. The FAC alleges that Plaintiff began to experience "cognitive difficulties as well as impaired memory secondary to medications that she was required to take for the treatment of her cancer." FAC at ¶ 11. Plaintiff has been treated by several doctors including an oncologist a physiatrist and an internist. Plaintiff has been receiving daily chemotherapy since 2004. Plaintiff continued to work in her position as nurse manager until August 15, 2006, at which time she left employment and did not return. Plaintiff filed for disability under the Plan on January 30, 2007, alleging she was disabled as of August 16, 2006.

On July 2, 2007, the Plan claims administrator[1] informed Plaintiff that disability benefits were denied because it had been determined that Plaintiff was not physically disabled at the time she applied for disability benefits. Disability, according to the Plan's terms occurs when the plan member "is unable to perform the Material and Substantial Duties of his own Occupation." FAC at ¶ 10. Plaintiff timely filed an administrative appeal and filed a letter on August 7, 2007, addressing the matters raised by the Plan's denial of benefits. Plaintiff was informed on November 8, 2007, that her appeal had been denied and that Plaintiff had exhausted all administrative remedies.

## LEGAL STANDARD

The ability of the court to consider information outside the administrative record depends on the extent of the court's discretion in reviewing the actions of the Plan

---

[1] The term "claim administrator" as used herein refers to Sun Life Assurance and its agents or employees acting in the role of claims processing and review.

administrator.  Generally, where the court is bound to review the actions of the Plan administrator for abuse of discretion under an arbitrary and capricious standard, the court "'may consider only the arguments and evidence before the administrator at the time it made that decision.' [Citation.]" Nance v. Sun Life Assurance Co. of Canada, 294 F.3d 1263, 1269 (10th Cir. 2002).  However, where the court is to apply a *de novo* standard of review to the Plan administrator's denial of benefits, the court may, "*in its discretion* [. . .] allow evidence that was not before the plan administrator.  The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 943-944 (9th Cir. 1995) (italics in original).

The parties in this case have stipulated that this court is to apply *de novo* review to the Plan administrator's denial of benefits.  The court may, therefore admit evidence that was not before the Plan administrator at the time of the denial of benefits subject to the limitation set forth in Mongeluzo.

**DISCUSSION**

**I. Proper Party Defendant**

It is this court's understanding that Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan is the *Plan entity* and that Community Hospitals is the *Plan administrator* and that Sun Life Assurance is the third-party insurer and *claims administrator*.  It is also this court's understanding that Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan has been dismissed and that Community Hospitals of Central California in its role as Plan administrator is not now, and never has been, a party to this case.  Subject to that understanding, the court must conclude that this action cannot proceed because the proper party defendant is not before the court.

ERISA permits suits to recover benefits against the Plan as an entity.  Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985).  In addition, plan administrators can also be sued under ERISA.  See, e.g., Everhart v. Allmerica Fin. Life Ins.

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

Co., 275 F.3d 751, 754 n. 6 (9th Cir.2001) (acknowledging in dicta that this circuit and others now recognize suits brought under 29 U.S.C. § 1132(a)(1)(B) against plan administrators, and stating that the third party insurer defendant may well have been a proper party defendant had it been acting as the plan administrator); Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1471 (9th Cir.1993) ("the beneficiary of an ERISA plan may bring a civil action against a plan administrator" to recover benefits).

While a beneficiary may sue the plan's insurer for a breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2) and (a)(3), suit against a third party insurer is not permitted for wrongful denial of benefits pursuant to § 1132(a)(1)(B) unless the insurer is functioning as the plan administrator. Everhart v. Allmerica Fin. Life Ins. Co., 275 F.3d 751, 754-56 (9th Cir.2001). While district courts in this state have applied the "defacto administrator" exception to find third-party insurers proper party defendants in ERISA suits pursuant to section 1132(a)(1)(B), see, e.g., Cyr v. Reliance Standard Life Ins. Co., 525 F.Supp.2d 1165, 1172-1173 (C.D. Cal. 2007), courts require a substantial showing that any party other than the Plan administrator named by the Plan actually controls the Plan. See Garren v. John Hancock Mutual Life Insurance Co., 114 F.3d 186, 187 (11th Cir.1997) ("[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan").

The FAC indicates Sun Life Financial is being sued pursuant to § 1132(a)(1)(B) and not for breach of fiduciary duty. The court may therefore only find that Sun Life is a proper party defendant if facts are alleged that support the proposition that Sun Life functioned as the Plan administrator. Facts to support such an allegation are lacking. The court has no information before it that would tend to negate Plaintiffs allegation in the FAC that Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan is the Plan entity and that Community Hospitals is the Plan administrator. Thus, although Sun Life may have administered Plaintiff's claim and may have notified Plaintiff of the denial of disability benefits, the court is without any basis at this point to find that Sun Life was actually in control of the administration of the Plan and is therefore the proper party

5

defendant.

If the prior stipulated dismissal of Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan was the product of mistake or inadvertence, the court will postpone dismissal of the action to permit the parties to stipulate to vacating their prior stipulation to dismiss. The court's order will be in the form of an order to show cause. In the alternative, the parties may submit information that would allow the court to correct its understanding of the proper party defendant in this case. The pending motion to augment the administrative record will be denied without prejudice as moot.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Plaintiff shall SHOW CAUSE why this action should not be dismissed for lack of a proper party defendant. Plaintiff's Motion to Augment the Administrative Record is hereby DENIED without prejudice as moot. Plaintiff shall file and serve a response to this order to show cause not later than thirty (30) days from the date of service of this order. If Plaintiff's response to this order to show cause includes, or is based upon, a stipulation by both parties, no response to Plaintiff's response need be filed. If Sun Life opposes Plaintiff's response to this order to show cause, such response shall be filed and served not less than twenty-one (21) days from the date Plaintiff's response is filed.

IT IS SO ORDERED.

Dated:  **September 12, 2008**           **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE