IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISLYN BLACKWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>    Defendant. | CV F 08-0074 AWI GSA<br><br>MEMORANDUM OPINION AND ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. # 29 |

This is an action pursuant to the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In this action, plaintiff Cislyn Blackwood ("Plaintiff") seeks to recover benefits she contends were wrongfully denied by defendant Sun Life Assurance Company of Canada ("Sun Life"). Plaintiff filed a motion seeking to augment the administrative record with medical records dating from the inception of her illness and with declarations of treating physicians and of personnel associated with her former employer. In an order filed on September 12, 2008, the court found the proper party defendant was not joined in this suit and filed an order to show cause why the case should not be dismissed for lack of a proper party Defendant. The parties have addressed the court's order to show cause by filing a joint stipulation. For the reasons that follow, the court will dismiss the complaint with leave to amend and will deny as moot the motion to augment the record without prejudice.

**PROCEDURAL HISTORY**

The complaint was first filed on January 14, 2008. Defendant Sun Life filed an answer on March 10, 2008. On April 14, 2008, Plaintiff filed a notice of dismissal with prejudice of defendants Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan, and Sun Life Financial. On April 7, 2008, the court issued an order pointing out that Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure permits voluntary dismissal of any defendant parties of a multi-defendant case only upon stipulation by all parties who have made an appearance in the case. The court noted that defendant Sun Life had made an appearance by filing an answer and had not stipulated to the dismissal of the other two defendants. Defendant Sun Life filed its stipulation for dismissal with prejudice of Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan, and Sun Life Financial two days later; on April 9, 2008. Pursuant to Rule 41(a)(1), the dismissal with prejudice of Sun Life Financial and Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan was effective as of the date of filing of the stipulation. See Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987) (dismissal is effective on filing and no court order is required).

On April 28, 2008, Plaintiff filed a stipulation and proposed order to permit filing of a First Amended Complaint. The stipulation was signed by attorneys for Plaintiff and for defendant Sun Life. The First Amended Complaint ("FAC") was filed on May 14, 2008. Defendant Sun Life filed its answer on May 23, 2008. The instant motion to augment the administrative record was filed by Plaintiff on July 1, 2008. Defendant Sun Life filed its opposition on August 1, 2008, and Plaintiff filed her reply on August 8, 2008. In its order of September 12, 2008, (the "September 12 Order") the court noted that ERISA permits suits to recover benefits against the Plan as an entity. Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985). In addition, plan administrators can also be sued under ERISA. See, e.g., Everhart v. Allmerica Fin. Life Ins. Co., 275 F.3d 751, 754 n. 6 (9th Cir.2001). Based on these limitations, the court found that:

> Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan is the *Plan entity* and that Community Hospitals is the *Plan administrator* and that Sun Life Assurance is the third-party insurer and *claims administrator*. It is also this court's understanding that Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan has been dismissed and that Community Hospitals of Central California in its role as Plan administrator is not now, and never has been, a party to this case. Subject to that understanding, the court must conclude that this action cannot proceed because the proper party defendant is not before the court.

Doc. # 40 at 4:17-25. The court's September 12 Order directed the parties to show cause why the action should not be dismissed for lack of a proper party defendant. On September 23, 2008, the parties filed a Joint Response to the order to show cause stating that Sun Life Assurance Company of Canada ("Sun Life") was at the time relevant to this action the *de facto* plan administrator. On September 30, 2008, the parties filed a Revised Joint Response that stipulated that Sun Life was the claims administrator.

## FACTUAL BACKGROUND

Plaintiff was formerly employed by Community Hospitals of Central California ("Community Hospitals") as the manager of the skilled nursing department. The FAC alleges Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan (hereinafter, the "Plan") is an employee benefit plan as defined by ERISA sponsored by Community Hospitals. The FAC also alleges that Community Hospitals is the Plan administrator. Defendant Sun Life is apparently the Plan's third-party insurer and claims administrator.

Plaintiff became a participant in Community Hospitals' group disability insurance program on January 1, 1999. Plaintiff paid an extra premium so as to be entitled to enhanced disability benefits. The FAC alleges that Plaintiff was diagnosed in September 2001 as suffering from multiple myeloma, a cancer affecting the body's antibody-producing plasma cells. Multiple myeloma results in the production of plasma cell tumors that are usually located in bone where they tend to cause bone and joint pain, and loss or abnormality of bone structure. The FAC alleges Plaintiff suffered pain in all her joints and "experienced symptoms of swelling and generalized weakness and fatigue." FAC at ¶ 11.

3

Multiple myeloma is a cancer that is treatable, but not curable. Plaintiff was informed that patients with multiple myeloma survive for periods of time ranging from two to five years. The FAC alleges that Plaintiff began to experience "cognitive difficulties as well as impaired memory secondary to medications that she was required to take for the treatment of her cancer." FAC at ¶ 11. Plaintiff has been treated by several doctors including an oncologist a physiatrist and an internist. Plaintiff has been receiving daily chemotherapy since 2004. Plaintiff continued to work in her position as nurse manager until August 15, 2006, at which time she left employment and did not return. Plaintiff filed for disability under the Plan on January 30, 2007, alleging she was disabled as of August 16, 2006.

On July 2, 2007, the Plan claims administrator[1] informed Plaintiff that disability benefits were denied because it had been determined that Plaintiff was not physically disabled at the time she applied for disability benefits. Disability, according to the Plan's terms occurs when the plan member "is unable to perform the Material and Substantial Duties of his own Occupation." FAC at ¶ 10. Plaintiff timely filed an administrative appeal and filed a letter on August 7, 2007, addressing the matters raised by the Plan's denial of benefits. Plaintiff was informed on November 8, 2007, that her appeal had been denied and that Plaintiff had exhausted all administrative remedies.

## LEGAL STANDARD

The ability of the court to consider information outside the administrative record depends on the extent of the court's discretion in reviewing the actions of the Plan administrator. Generally, where the court is bound to review the actions of the Plan administrator for abuse of discretion under an arbitrary and capricious standard, the court "'may consider only the arguments and evidence before the administrator at the time it made that decision.' [Citation.]" Nance v. Sun Life Assurance Co. of Canada, 294 F.3d 1263, 1269 (10th Cir. 2002). However, where the court is to apply a *de novo* standard of review to the

---

[1] The term "claim administrator" as used herein refers to Sun Life Assurance and its agents or employees acting in the role of claims processing and review.

Plan administrator's denial of benefits, the court may, "*in its discretion* [. . .] allow evidence that was not before the plan administrator. The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." <u>Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan</u>, 46 F.3d 938, 943-944 (9th Cir. 1995) (italics in original).

The parties in this case have stipulated that this court is to apply *de novo* review to the Plan administrator's denial of benefits. The court may, therefore admit evidence that was not before the Plan administrator at the time of the denial of benefits subject to the limitation set forth in <u>Mongeluzo</u>.

## DISCUSSION

**I. Proper Party Defendant**

In its September 30 Order, the court noted:

> While a beneficiary may sue the plan's insurer for a breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2) and (a)(3), suit against a third party insurer is not permitted for wrongful denial of benefits pursuant to § 1132(a)(1)(B) unless the insurer is functioning as the plan administrator. <u>Everhart v. Allmerica Fin. Life Ins. Co.</u>, 275 F.3d 751, 754-56 (9th Cir.2001). While district courts in this state have applied the "defacto administrator" exception to find third-party insurers proper party defendants in ERISA suits pursuant to section 1132(a)(1)(B), see, e.g., <u>Cyr v. Reliance Standard Life Ins. Co.</u>, 525 F.Supp.2d 1165, 1172-1173 (C.D. Cal. 2007), courts require a substantial showing that any party other than the Plan administrator named by the Plan actually controls the Plan. See <u>Garren v. John Hancock Mutual Life Insurance Co.</u>, 114 F.3d 186, 187 (11th Cir.1997) ("[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan").

Doc. # 40 at 5:7-18.

In response to the order to show cause, the parties filed a document on September 23, 2008 that stipulated "[i]t is understood and agreed between the parties that SUN LIFE was functioning as the 'de facto' *plan administrator* with regard to all disability claims decisions involving [Plaintiff]." Doc. # 41 at 2:9-10 (italics added). A week later, on September 30, 2008, the parties submitted a revised version of the same document that stipulated "[i]t is understood and agreed between the parties that SUN LIFE was functioning as the *claims administrator* and made all disability claims decisions involving [Plaintiff]." Doc. # 43 at

2:11-13 (italics added).  The court must assume that the re-designation of Sun Life's role from plan administrator to claims administrator was deliberate since there is only one other change to the revised stipulation as set forth in Document 43 as compared to the original version as set forth in Document 41.  The question thus becomes whether Sun Life is a proper party defendant in view of the parties' stipulation that Sun Life is the *claims* administrator, not the *plan* administrator.

In Everhart v. Allmerica Fin. Life Ins., 275 F.3d 751 (9th Cir. 2001), the appellate court recognized that two lines of cases have emerged in this circuit diverging on the issue of whether, in addition to the plan entity, a plaintiff in an ERISA case may sue the plan administrator under 29 U.S.C. § 1132(a)(1)(B).  See id. at 754 (discussing the two lines of cases).  However, the Everhart court noted that neither line of cases supports the proposition that a third-party insurer can be sued pursuant to section 1132(a)(1)(B).  Courts in this circuit have uniformly understood Everhart to stand for the proposition that section 1132(a)(1)(B) "does not permit suits against a third party insurer to recover benefits when the insurer is not functioning as the plan administrator," id. at 756, but leaves room for the possibility that a third party insurer *might* be a proper party defendant if it was functioning as the *plan* administrator.  See Cyr, 525 F.Supp.2d at 1172-1173.  What Everhart and other district courts have expressly recognized is that no matter how much discretion is placed in the hands of the third-party insurer with regard to determining whether benefits are owed, the third-party insurer is not transformed into the plan administrator on account of that discretion.  See Everhart, 275 f.3d 751 at 754 n.3; Patrick v. Hewlett-Packard Co. Employee Benefits Plan, 2007 WL 3237172 (S.D. Cal. 2007) at *3-*4.  Stated another way, the third-party insurer acting as *claims* administrator does not become the *plan* administrator by virtue of power granted to it to make all discretionary decisions with respect to the granting or denying of a claim.

The parties' revised joint stipulation filed on September 30, 2008, affirmatively establishes that Sun Life *is* the claims administrator and *is definitely not* the plan administrator within the meaning of the rule set forth in Everhart.  The court is well aware

6

that the parties have agreed that Sun Life is responsible for all decisions pertaining to the decision to deny benefits to Plaintiff and is liable for damages should it be shown the benefits were wrongly withheld. However, unlike personal jurisdiction, subject matter jurisdiction "cannot be consented to by the parties because it relates to the court's inherent power to hear and decide the case." Ruggieri v. General Well Serv., 535 F.Supp. 525, 528 n.2 (D.C.Col. 1982). Because the court's subject matter jurisdiction in this action is found in 29 U.S.C. § 1132(a)(1)(B), the court only has subject matter jurisdiction to hear and decide this action against a party that is authorized by the statute to be a proper party defendant. Sun Life, the only defendant remaining in this case, is not that party.

THEREFORE, in consideration of the foregoing discussion, it is the finding of the court that subject matter jurisdiction is lacking in this action. The complaint is therefore hereby DISMISSED in its entirety. Leave to amend the complaint to include a proper party defendant in accordance with the foregoing discussion is hereby GRANTED. Plaintiff's motion to augment the administrative record is DENIED without prejudice as moot.

IT IS SO ORDERED.

**Dated:     October 21, 2008**                                  **/s/ Anthony W. Ishii**
                                                                                     CHIEF UNITED STATES DISTRICT JUDGE